Astacio Martinez **AMAYA,** aka Astacio Amaya, aka Astacio Martinez, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 13–70873.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2015.*

Filed Feb. 25, 2015.

Frank P. Sprouls, Esquire, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

O.I.L., Carmel Aileen Morgan, Esquire, Trial, U.S. Department of Justice, Washington, DC, Chief Counsel I.C.E., Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

MEMORANDUM **

Astacio Martinez Amaya, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder,* 590 F.3d 1034, 1039–40 (9th Cir.2010). We deny the petition for review.

Martinez Amaya does not challenge the BIA's dispositive finding that his asylum application was time-barred. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition as to Martinez Amaya's asylum claim.

Substantial evidence supports the BIA's adverse credibility determination based on inconsistencies between Martinez Amaya's testimony and written statement regarding whether and when his brother first experienced problems with his father's murderer. *See Shrestha,* 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Martinez Amaya's explanations do not compel a contrary conclusion. *See Zamanov v. Holder,* 649 F.3d 969, 974 (9th Cir.2011). Thus, in the absence of credible testimony, Martinez–Amaya's withholding of removal claim fails. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

In light of our conclusions, we do not reach Martinez–Amaya's nexus contentions. *See INS v. Bagamasad,* 429 U.S. 24, 25, 97 S.Ct. 200, 50 L.Ed.2d 190 (1976).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.